13-3278-cr
*United States v. Hylton*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of October, two thousand fourteen.

PRESENT:    ROBERT D. SACK,
            DEBRA ANN LIVINGSTON,
            RAYMOND J. LOHIER, JR.,
                            *Circuit Judges.*

UNITED STATES OF AMERICA,
                    *Plaintiff-Appellee,*

DEMECHIA WILSON,
                    *Intervenor-Plaintiff-Appellee,*

JERMAINE AND TAIKA BILBO,
                    *Intervenors-Plaintiffs-Counter-Defendants-Appellees,*

D.E. WILSON, D.A. WILSON,
                    *Intervenors-Plaintiffs,*

    -v-                                          No. 13-3278-cv

CLIFTON HYLTON, MERLINE HYLTON,
HYLTON REAL ESTATE MANAGEMENT, INC.,
                    *Defendants-Counter-Claimaints-Appellants,*

LAW OFFICES OF NAIR & LEVIN P.C.,
                    *Interested Party.*

NDIDI N. MOSES (Edward Chang, *on the brief*), Assistant United States Attorneys, Of Counsel, *for* Deirdre M. Daly, United States Attorney for the District of Connecticut, New Haven, CT, *for Plaintiffs-Appellees*.

ANTHONY C. DEFILIPPIS, JR., DeFilippis Law, LLC, West Hartford, CT, *for Defendants-Appellants*.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendants-Appellants Clifton Hylton ("Mr. Hylton"), Merline Hylton ("Mrs. Hylton"), and Hylton Real Estate Management, Inc. ("HREM") appeal from a judgment of the United States District Court for the District of Connecticut (Hall, *J.*), entered May 8, 2014, following a bench trial. Defendants-Appellants were held liable for violations of three provisions of the Fair Housing Act ("FHA"): refusing to negotiate for the sublease of a house at 5 Townline Road ("the Property") to DeMechia Wilson ("Ms. Wilson") because of Ms. Wilson's race, in violation of 42 U.S.C. § 3604(a); discriminating against the current tenants, Jermaine and Taika Bilbo ("Mr. and Mrs. Bilbo"), and Ms. Wilson in the terms, conditions, or privileges of renting the Property because of race, in violation of 42 U.S.C. § 3604(b); and making discriminatory statements based on race with respect to the rental of the Property, in violation of 42 U.S.C. § 3604(c). The district court awarded compensatory and punitive damages, attorneys' fees, and injunctive relief. On appeal, Defendants-Appellants challenge the substance of the court's judgment of liability on a number of grounds, and also challenge the relief awarded by the district court. We assume the parties' familiarity with the facts of the case and the issues presented for appellate review.

I.

This Court reviews a district court's findings of fact in a bench trial "for clear error." *White v. White Rose Food*, 237 F.3d 174, 178 (2d Cir. 2001). "Under the clearly erroneous standard, 'there is a strong presumption in favor of a trial court's findings of fact if supported by substantial evidence. We will not upset a factual finding unless we are left with the definite and firm conviction that a mistake has been committed.'" *Id.* (quoting *Travellers Int'l, A.G. v. Trans World Airlines, Inc.*, 41 F.3d 1570, 1574 (2d Cir. 1994)). Defendants-Appellants contend that the district court erred by concluding (1) that Defendants-Appellants failed to present sufficient evidence of a non-discriminatory reason for refusing to sublet to Ms. Wilson, (2) that Mrs. Hylton failed to qualify for an exemption under 42 U.S.C. § 3603(b), and (3) that Mrs. Hylton was vicariously liable for the FHA violations of Mr. Hylton and HREM. We detect no error in these conclusions.

A.    *Non-Discriminatory Reason*

Defendants-Appellants first argue that the district court committed clear error in finding that they did not "present[] any evidence that they had a legitimate" – ie., non-discriminatory – "reason for refusing to sublet to Ms. Wilson." *United States v. Hylton*, 944 F. Supp. 2d 176, 187 (D. Conn. 2013). They contend that the district court should have credited Mr. and Mrs. Hylton's testimony at trial that they refused to sublet to Ms. Wilson because they were concerned about Ms. Wilson's ability to pay the rent. "[C]lear error review mandates that we defer to the district court's factual findings, particularly those involving credibility determinations." *Phoenix Global Ventures, LLC v. Phoenix Hotel Assocs., Ltd.*, 422 F.3d 72, 76 (2d Cir. 2005) (per curiam). Defendants-Appellants did not offer any evidence, apart from their own testimony, to support the claim that they had financial motives in declining to sublet to Ms. Wilson. There is no evidence in the record, for

3

example, that Defendants-Appellants asked Ms. Wilson (or anyone else) for her financial records in order to make a determination whether she had the ability to pay. Taking these facts into account, and particularly noting that the district court based its conclusion on a credibility determination – finding Mr. Bilbo's account of his conversation with Mr. Hylton more credible than Mr. Hylton's testimony claiming that he had a legitimate reason for refusing to rent to Ms. Wilson – we discern no clear error in the district court's factual determination.

Defendants-Appellants next argue, in effect, that Mr. Hylton could not have made the racially discriminatory comments attested to by Mr. Bilbo because Mr. Hylton and his wife are themselves black, and Mr. Hylton had rented to Mr. Bilbo, who is African-American, six weeks before the conversation at issue. "Because of the many facets of human motivation, it would be unwise to presume as a matter of law that human beings of one definable group will not discriminate against other members of their group." *Castaneda v. Partida*, 430 U.S. 482, 499 (1977). The district court did not commit clear error in crediting Mr. Bilbo's testimony instead of Mr. Hylton's. *See Feingold v. New York*, 366 F.3d 138, 155 (2d Cir. 2004) (rejecting district court's suggestion that inference of discrimination cannot be drawn when defendant discriminates against a member of his own group).

B.      *§ 3603(b) Exemption*

Mrs. Hylton's alleged violations of §§ 3604(a) and (b) are subject to the exemptions in § 3603(b). To be eligible for an exemption, the property at issue must be a "single-family house sold or rented by an owner. . . [provided that] such house is sold or rented . . . without the use in any manner of the sales or rental facilities or the sales or rental services of any . . . person in the business

4

of selling or renting dwellings." 42 U.S.C. § 3603(b). The district court held that Mrs. Hylton failed to qualify for the exemption because she used the services of Mr. Hylton in renting the property, and Mr. Hylton testified that he is in the business of owning and managing rental properties. Mr. Hylton conducted the leasing of the Property even though he held no ownership stake in it, and he used rental applications and leases for the Property with the name of his company, HREM, on them. The district court's findings that Mr. Hylton was a "person in the business of selling or renting dwellings," and that Mrs. Hylton used his services to rent the Property, were thus not in error, much less clearly so.

C.    *Vicarious Liability*

Defendants-Appellants next argue that the district court erred in finding Mrs. Hylton vicariously liable for her husband's comments because there is no evidence that Mrs. Hylton intended to create an agency relationship with her husband with respect to the Property. Though the FHA does not mention vicarious liability, "it is well established that the Act provides for vicarious liability" because "when Congress creates a tort action, it legislates against a legal background of ordinary tort-related vicarious liability rules and consequently intends its legislation to incorporate those rules." *Meyer v. Holley*, 537 U.S. 280, 285 (2003). Defendants-Appellants' argument that Mrs. Hylton "in no way engaged Mr. Hylton or HREM," Appellant's Br. at 9, is conclusory. The district court's findings that only Mr. Hylton interacted with prospective tenants, that Mr. Hylton sent only the applications of certain applicants to Mrs. Hylton, and that Mr. Hylton received the checks from the Bilbos and then sent them to Mrs. Hylton all demonstrate that Mrs. Hylton "engaged Mr. Hylton" as her representative, at least informally. There was thus no error in the

5

district court's determination that Mrs. Hylton was vicariously liable for Mr. Hylton's discriminatory actions.

## II.

Defendants-Appellants argue that the district court erred by awarding monetary and injunctive relief that is unreasonable and burdensome. This Court sets aside the computation of damages when the district court is the factfinder "only if [it is] clearly erroneous." *Ragin v. Harry Macklowe Real Estate Co.*, 6 F.3d 898, 907 (2d Cir. 1993). In reviewing "damage awards, whether compensatory or punitive," this Court asks "whether the award is so high as to shock the judicial conscience and constitute a denial of justice." *O'Neill v. Krzeminski,* 839 F.2d 9, 13 (2d Cir. 1988) (quoting *Zarcone v. Perry*, 572 F.2d 52, 56 (2d Cir. 1978)) (internal quotation marks omitted). As to injunctive relief, we review the district court's decision for abuse of discretion. *Mullins v. City of New York*, 626 F.3d 47, 51 (2d Cir. 2010).

Defendants-Appellants first challenge the district court's award of compensatory damages, claiming that they should not be responsible for damages resulting from the transmittal of the discriminatory statements to Mrs. Bilbo or Ms. Wilson because the statements were made only to Mr. Bilbo – an argument they did not raise below. "It is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal" unless "manifest injustice would otherwise result." *Schnabel v. Trilegiant Corp.*, 697 F.3d 110, 130 (2d Cir. 2012) (brackets and internal quotation marks omitted). Seeing no manifest injustice here, we decline to address this argument. We similarly decline to address the argument that the district court erred in awarding Ms. Wilson damages for lost housing opportunity (on the ground that she failed to provide

6

evidence that she was financially eligible to rent the Property) because this argument, too, was raised for the first time on appeal.

Defendants-Appellants also argue with respect to Mr. and Mrs. Bilbo that they were awarded an unreasonable amount of compensatory damages – $10,000 and $5,000 respectively – for emotional harm resulting from the discriminatory comments. The district court made specific findings of fact justifying the damages award for Mr. Bilbo based on Mr. Bilbo's testimony as to the shock and pain the comments caused him. The court similarly granted Mrs. Bilbo a damages award based on specific findings regarding the emotional distress she felt in hearing such comments as the wife of an African-American man and mother of African-American children. Taking into account these findings, the awards are not so high as to shock the judicial conscience.

Defendants-Appellants challenge the district court's decision to award punitive damages – but not the amount of those damages – by arguing that there was no evidence that Mr. Hylton intended to injure Ms. Wilson or knew that his comments would violate federal law. But the FHA expressly allows "for the recovery of punitive damages by plaintiffs who have suffered discriminatory housing practices" in cases "in which the defendant has engaged in intentional discrimination and has done so with malice or with reckless indifference to the federally protected rights of an aggrieved individual." *United States v. Space Hunters, Inc.*, 429 F.3d 416, 427 (2d Cir. 2005) (quoting *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 529-30 (1999)) (brackets and internal quotation marks omitted). "A plaintiff may establish the requisite state of mind for an award of punitive damages with evidence (1) that the defendant discriminated in the face of a perceived risk that its actions violated federal law, *or* (2) of egregious or outrageous acts that may serve as

7

evidence supporting an inference of the requisite evil motive." *Id.* (internal quotation marks, citation, and brackets omitted). This is a disjunctive test. *See Farias v. Instructional Sys., Inc.*, 259 F.3d 91, 101 (2d Cir. 2001) ("As an alternative to proving that the defendant knew it was acting in violation of federal law, 'egregious or outrageous acts may serve as evidence supporting an inference of the requisite evil motive'" necessary to support an award of punitive damages.) (quoting *Kolstad*, 527 U.S. at 538). In this case, the district court made a specific finding that the second prong of the punitive damages standard was satisfied, holding that "Mr. Hylton's conduct was, by its very nature, indicative of evil motive," and further, that Mr. Hylton "showed no remorse for his conduct," but rather, "continued to make discriminatory comments to the HUD investigator pursuing" the FHA claims in this case. *Hylton*, 944 F. Supp. 2d at 198. Thus, the district court applied the correct legal standard in awarding punitive damages.

Finally, Defendants-Appellants argue that the permanent injunction handed down by the district court is onerous because there is "no claim or evidence of a broader practice of discrimination" and they run a "mom and pop operation." Appellant's Br. at 15. Section 3613(c)(1) of the FHA allows courts to award injunctive relief. We review the district court's injunctive order for abuse of discretion. *Ragin*, 6 F.3d at 909. The argument by Defendants-Appellants that the discriminatory conduct here was isolated, not meriting injunctive relief, is belied by the district court's factual finding that Mr. Hylton made discriminatory comments on multiple occasions. *Hylton*, 944 F. Supp. 2d at 198. And as to the claim that Defendants-Appellants run a "mom and pop operation," the record shows that they rent at least seven different properties. The district court did not abuse its discretion in ordering injunctive relief.

8

We have considered all of Defendants-Appellants' remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk